JEPTHA H. SIMPSON, Appellant, v. WILLIAM KEANE, Respondent.

St. Louis Court of Appeals, March 4, 1890.

**Mortgages and Deeds of Trust.** Unless the terms of a mortgage of realty, or of a deed of trust in the nature of a mortgage, provide therefor, default in the payment of the mortgage debt, and a demand by the mortgagee, do not entitle the mortgagee to rents thereafter accruing from the mortgaged property. The terms of a deed of trust and of an assignment of rents therein considered, and *held* not to entitle the holder of the secured debt to such rents.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*Wm. F. Smith* and *R. M. Nichols*, for the appellant.

The provisions of the mortgage show an intention
to dispense with a receiver or the possession, in order
to entitle the mortgagee to the rents; show an
assignment of the rents and income as a part of the
mortgagee's security, and show an agreement for the
payment of rents before sale by the mortgagor, in liqui-
dation of the debt thereby secured, in any of which
cases all the law requires of the mortgagee, in order
that he may avail himself of the rents, is simply a
demand therefor. *Sav. & Trust Co. v. Sheppard*,
127 U. S. 494; *Dow v. Railroad*, 124 U. S. 653; *In re
Life Ass'n*, 96 Mo. 636; *White v. Wear*, 4 Mo. App.
342. There was a privity of contract in the following
clause made by the mortgagor with the mortgagee
for the benefit of the present and future tenants, by
reason of which the mortgagee was entitled to the rents
by simple demand; and there was also an equitable
assignment of the fund or rent to the mortgagee, with
power to collect, in the following clause of the contract.
Jones on Mortgages, secs. 737, 777; *Russell v. Allen*, 84
Mass. 44; *Kimbal v. Lockwood*, 6 R. I. 138; Pomeroy's
Eq. Juris., secs. 1270, 1280, 1283, 1284; *Walker v.
Mauro*, 18 Mo. 564; *Kimball v. McDonald*, 20 Mo. 577;
*Edgell v. Tucker*, 40 Mo. 526; *Pullman v. Railroad*, 5
Biss. 247; R. S. 1879, sec. 3947. If the prior mortgagee
had been allowed to avail himself of the rents, the value
of the real estate would have been swollen for the ben-
efit of the second mortgagee and mortgagor. *Hellwig
v. Heitcamp*, 20 Mo. 564; Jones on Mortgages, sec. 1688.
The existence of prior mortgages assigning the rent

cannot justify respondent's refusal of appellant's demand; appellant was entitled notwithstanding to collect the rents. Jones on Mortgages, sec. 1524; *Ranney v. Peyser*, 83 N. Y. 1; *Miltenberger v. Railroad*, 106 U. S. 286.

*Gerald Griffin*, for the respondent.

If respondent has any right of action for said rents at all, he has a complete and adequate remedy at law. *Burgess v. Kattlemen*, 41 Mo. 482; *Langdon v. Buell*, 9 Wend. 80; *Montgomery v. Kerr*, 1 Hill (S. C.) 291. The assignment of the rents under prior deeds of trust, and the existence of a matured indebtedness thereunder, operated as a bar to any right to, or recovery of, said rents by appellant. The ownership of and right to said rents became vested in the trustee, or beneficiary under said prior deeds of trust, as soon as default was made in the payment of the indebtedness intended to be secured thereby. *Robinson v. Campbell*, 8 Mo. 365, 615; *Lacey v. Giboney*, 36 Mo. 322; *Sheble v. Curdt*, 56 Mo. 438; *Barnett v. Timberlake*, 57 Mo. 501. The assignment of rents under the deed of trust of March 12, 1887, to Wm. F. Smith, trustee, was subordinate and subject to the assignment of said rents made under the said prior deeds of trust, and was not, and did not, become operative, during the period in which said rents were collected and received by respondent. Until default, the mortgagor and assigns were entitled to the possession of the mortgaged real estate, and so long as the mortgagee refrained from taking possession he had no right to the rents and profits received by the mortgagor or respondent, as the owner of the equity of redemption. *In re Life Ass'n*, 96 Mo. 632; *Kennett v. Plummer*, 28 Mo. 145; *Mayo v. Fletcher*, 14 Pick. 525; *Crosby v. Hanlow*, 21 Maine, 499; *Man. Corp. v. Marvin*, 15 Mass. 268; *Gibson v. Farley*, 16 Mass. 280; *Bank v.*

*Reed*, 8 Pick. 459; *Norwich v. Hubbard*, 22 Conn. 587; 2 Jones on Mort., secs. 1120, 670. The mortgagor or his assigns cannot be made to account for the rents for the time past. 1 Hill on Mort. [4 Ed.] 156. The mortgagee never having taken actual possession, or entered for condition broken, the mortgagor, or purchaser of the equity of redemption, owned the estate, and had a right to lease and collect the rents as owner, so long as he was allowed to remain in possession. *White v. Wear*, 4 Mo. App. 341; *Railroad v. Cowdry*, 11 Wall. 482; *Gillman v. Tel. Co.*, 91 U. S. 603; *Douglas v. Cline*, 12 Ky. 608.

BIGGS, J., delivered the opinion of the court.

This is a contest between plaintiff and defendant involving the question of the ownership of certain rents alleged to have been collected by the defendant. The court sustained a demurrer to the petition, and, the plaintiff declining to plead further, the court dismissed his bill, and entered judgment against him for costs. The correctness of this ruling is the only question presented for our consideration.

The facts upon which the plaintiff predicated his right of recovery may be stated as follows: On the twelfth day of March, 1887, one Felix Raeman and wife executed, acknowledged and delivered to one William F. Smith, as trustee, a deed of trust, by which they conveyed to Smith three separate tracts or parcels of land to secure the payment of a negotiable promissory note of even date for three thousand dollars, in which one Charles Williams was payee and Raeman was the maker. The note was made payable six months after its date with interest after maturity at the rate of ten per cent. per annum. The property conveyed was improved, and was subsequently rented by Raeman to various tenants. The deed of trust, after describing and conveying the real estate, contained the following additional matter,

to-wit: "And the parties of the first part do hereby assign, transfer and convey unto the said party of the second part all their right, title and interest in and to said property and all rents and income thereof; and do hereby deliver possession of said premises to said party of the second part, to have and to hold the same, with the appurtenances thereto belonging, to said party of the second part and to his heirs and assigns forever.   In trust, however, for the following purpose:   Whereas the said Felix Raeman, for value received, has executed and delivered his negotiable promissory note, of even date herewith, etc.   *   *   *   And for the purpose of better securing said indebtedness said parties of the first part covenant and agree with said party of the third part, and his assigns, that said property is now clear and free from all general and special taxes," etc.   The deed of trust, after providing for the payment of taxes on the property, and insurance on the houses for the benefit of the third party, and after reciting the fact that the deed of trust was given subject to prior deeds of trust on the same property to other parties, contained the following additional clauses:   "And said parties further covenant to keep said premises in good order and repair, and to prevent any waste thereof, and not to do or permit anything in relation to said premises that may tend to destroy or diminish the security given by this deed, and in case of failure by the parties of the first part to keep any of the provisions or covenants of this deed, or to pay any of said interest *notes*, it is hereby further covenanted that, at the option of the holder of said *note*, the parties of the first part shall immediately pay the principal note, which option being so exercised by the holder of said note, the effect thereof shall be to make such principal note presently due.   In case the parties of the first part shall fail to pay or cause to be paid the semi-annual interest due on each or either of the above-mentioned first deeds of trust, then said third

party or his assigns may, at his or their option, pay such interest, whether the same be payable yearly or otherwise, and the amount so paid shall become a debt secured hereby in like manner as said principal note or other indebtedness above mentioned, and subject to the same terms and conditions as herein set forth, and shall bear ten per cent. interest from date of such payment. Now, if the said promissory note shall be punctually paid at maturity, etc.   *   *   *   then the property hereinbefore conveyed shall be released at the cost of the said parties of the first part; but if said promissory notes or either of them shall be allowed to remain due, etc.   *   *   *   the party of the second part   *   *   *   may proceed to sell the property, etc.   *   *   *   And the said party of the second part *hereby lets* said premises to said parties of the first part until a sale be had under this deed upon the following terms and conditions, to-wit : The said parties of the first part, and every and all persons, claiming or possessing such premises or any part thereof by, through or under them, shall and will pay rent therefor during said term at the rate of one cent per month, payable monthly on demand, and shall and will render up peaceable possession of said premises, and any and every part thereof sold under this deed, to said party of the second party, his successors or assigns, or to any purchaser thereof under such sale, within ten days after the making of any such sale without notice or demand therefor.   And in case of non-payment of any of said notes, or of any other sums herein provided for, when due and payable, the party of the third part and his assigns *may require* any present and future tenant and tenants of said premises to pay to him all rents then and thereafter becoming due for said premises and every part thereof, and all *existing* and *future rents* of said premises, and every part thereof, are *hereby assigned* by the parties of the first part to the party of the third part and his assigns *to carry out this provision,*

and the receipt of the party of the third part and his assignees shall be a valid discharge therefor to the tenants, and all rents so received shall be applied in same manner as if proceeds of sale under these presents. But the payment of whatever may be due on said note and other matter shall entitle the parties of the first part, and their heirs and assigns, to all *rents thereafter accruing until further default, nor shall any tenant of his own motion take any advantage of any such default of the parties of the first part.*"

At the time of the execution of this deed of trust the various notes secured by the prior deeds of trust were unpaid, and it was admitted that the deeds of trust were prior liens to that created by the Smith deed of trust. The prior deeds of trust contained the same provisions in reference to the possession of the premises, the assignment of the future rents, and the right to collect the same from the tenants occupying the premises, as in the Smith deed of trust.

On the twelfth day of April, 1887, Raeman made a general assignment under the statute, and on the third day of May, 1887, his assignee sold the equity of redemption owned by Raeman to the defendant. Prior to this the plaintiff had become the owner of the Williams note secured by the Smith deed of trust, and, on the day of defendant's said purchase, he was notified by the plaintiff that the latter claimed the rents of the Raeman real estate, and that he was entitled to demand and receive the same under the provisions of the Smith deed of trust. The defendant disputed this. Afterwards on the thirtieth day of November, 1887, the parties entered into the following stipulation, to-wit:

"I, William Keane, owner of the equity of redemption in the Evans avenue lots and improvements, and the lot and improvements on Lay avenue, St. Louis, Missouri, said property being partly described

in a certain deed of trust, executed by Felix Raeman and wife to Charles Williams, trustee, and recorded in the office of recorder of deeds of the city of St. Louis, Missouri, in book 812, at page 492, do hereby waive the making demand by Jeptha H. Simpson of me, or of the tenants occupying the property, and premises aforesaid, and for the rents thereof, and do hereby stipulate and agree with the said Jeptha H. Simpson, who is the holder of the note for three thousand dollars ($3000.00), secured by said deed of trust, that a demand on such tenants for said rents shall be considered as having been made by him as of the date thereof, and the failure to make actual demand of the said tenants of said several premises shall in no way prejudice any right of said Simpson to said rents, in case he would be entitled to same in law, if such demand had actually been made, which right, however, I do not admit or concede, and nothing herein contained is to be held or construed to be an admission or assent upon my part that said Simpson, as the holder of said notes, or otherwise, has now, or ever had, any claim or right whatsoever to said rents, or any part thereof, or that under said deed of trust he is, or can be, at any time, or in any wise, entitled to said rents, or any part thereof, or entitled to make demand for the same, or any part thereof.

"(Signed)                              WM. KEANE."

On the fifth day of September, 1887, Raeman died, and on the seventh day of July, 1888, the notes secured by the prior deed of trust being due and unpaid, the property was, at the request of the owner of the indebtedness, sold by the trustee named in the prior deeds of trust, and at the sale the sum of ten thousand, six hundred and fifty dollars was realized; and after paying the expenses of the sale, and the amount of prior indebtedness, there remained only the sum of twelve hundred and sixty-three dollars and thirteen cents, which was paid to plaintiff as second

mortgagee, and credited on the note held by him against Raeman.

The defendant was permitted to remain in possession of the property as the owner of Raeman's equity of redemption, and to collect the rents from the date of his purchase up to the date of the sale under the prior deeds of trust.

Under the foregoing state of facts the plaintiff maintained that in equity he had the right to compel the defendant to account to him as beneficiary under the Smith deed of trust for all rents collected from tenants occupying the mortgaged premises; in other words, that, under the provisions of the Smith deed of trust, no proceedings to enforce the plaintiff's claim to subsequent rents, or his right to the actual possession, were necessary to make his right to the rents and profits of the mortgaged property complete; but he could at any time, by merely notifying the defendant and the tenants that he claimed the rents, create an obligation against defendant for all rents collected by him after notice, and that a court of equity would enforce such obligation.

A mortgage of real estate is now regarded merely as security for the debt, and the general rule is that, until the mortgagee enters for breach of condition, or until a receiver is appointed in foreclosure or other proceedings, or until final judgment of foreclosure, the mortgagor is regarded as the owner of the property, and can deal with it as such so long as he is permitted to remain in possession. *Kennett v. Plummer*, 28 Mo. 142. So long as the mortgagee refrains from taking possession, or neglects to enforce his rights under the mortgage, the mortgagor has the right to rent the mortgaged premises and to collect the rents, and he is in no way answerable to the mortgagee therefor. *In re Life Association*, 96 Mo. 632; *White v. Wear*, 4 Mo. App. 341. And in such a case the mortgagee would have no

greater rights against the assignee of the mortgagor. *Walker v. King*, 44 Vt. 601. This being the well-settled law, the judgment of the circuit court will have to be affirmed, unless by the terms of the deed of trust the plaintiff's case is taken out of the general rule, and by simple demand he could avail himself of the rents.

The plaintiff's counsel insist that, by virtue of the mortgage, the "entire possession" of the premises, which would necessarily include the actual possession, was delivered to the trustee, and that this was done to avoid the expense of a receiver, and to place the beneficiary in such a position that he could, in case of default, proceed readily to collect the rents by demanding the same from the tenants. If this construction is to prevail, then the provisions concerning such possession in the Smith deed of trust became inoperative, for the very simple reason that the prior deeds of trust contained similar provisions, and Raeman, at the time of the execution of the second deed of trust, had no possession upon which the Smith deed could operate. Under plaintiff's theory, the seizin in law and fact of the mortgaged property was then held by the trustee in the prior deeds of trust.

Again the plaintiff claims that a demand only by him for the rents was necessary because, by the terms of his mortgage, there was an absolute assignment of the rents and income of the premises as a part of the security for the payment of his debt, *i. e.*, the future rents were pledged absolutely to pay his debt. If he is right in this, then a similar disposition of the same income had been previously make in the older deeds of trust, and as the petition showed that, at the time the plaintiff made his demand, a portion of the debts mentioned in the prior deeds was due, it necessarily followed, as a matter of law, that, at the time the plaintiff demanded the rents, the absolute ownership of and right to them were vested in the trustee in the prior

deeds of trust. *Barnett v. Timberlake*, 57 Mo. 501; *Lacey v. Giboney*, 36 Mo. 322; *Sheble v. Curdt*, 56 Mo. 437. This would constitute a complete answer to the plaintiff's right on this score to demand from defendant the rents received by him.

Lastly, it is urged that a fair construction of the deed of trust shows that there was an agreement for the payment of rents, before sale, in liquidation of the debts thereby secured, and that, in such a case, all the law required of the plaintiff, in order to avail himself of the rents, was to make a demand therefor. Under this view, we are again troubled with the superior rights and equities of the original mortgagees, and we are at a loss to know how the plaintiff could, by mere notice to defendant, create a fund out of the rents which he could insist, as a matter of right, should be applied to the extinguishment of his debt.

But, if we lay out of view the prior deeds of trust, we cannot see upon what principle this case can be taken out of the operation of the general rule. We do not think that the assignment of the rents can be regarded as an absolute assignment for the payment of the debt secured, for there is nothing in the deed of trust requiring the mortgagor to pay rent in liquidation of the debt, and nothing to indicate an intention to accumulate rents for any such purpose; but, on the contrary, it is quite clear to us that the assignment of the rents was conditional, and made only to enable the beneficiary to compel future tenants to pay him rents. *McKircher v. Hawley*, 16 Johns. 289.

We have looked at the case from the various standpoints suggested by counsel, and, upon no theory of law known to us, can the plaintiff's right of recovery be maintained. It is clearly expressed in the deed of trust that Raeman should hold the actual possession of the property subject to nominal rent, and collect the rents therefrom until default; and this view disposes

of the argument made by plaintiff's counsel that, by the terms of the contract, the actual possession was delivered to the trustee. And the further argument, that, by reason of the fact that the trustee held the actual possession, a demand for the rents was all that was necessary to make them available to plaintiff, also falls to the ground.

We are of the opinion that the judgment was for the right party, and it will, therefore, be affirmed. All the judges concurring, it is so ordered.