Armour Packing Company, Respondent, v. Wolff & Company, Garnishee, John N. Straat, Interpleader, Appellant.

St. Louis Court of Appeals, December 4, 1894.

1. **Mortgages**: RENTAL OF PREMISES. Until the mortgagee takes possession, the mortgagor is entitled to the rents of the mortgaged premises.

2. ———:———. Where, subsequently to the execution of the mortgage, the mortgagor assigns the rents of the premises to the mortgagee *as additional security* for the payment of the mortgage debt, the assignment comes within the foregoing rule, and the mortgagee is not entitled to the rents accruing after demand therefor and condition broken, but before any entry.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*John N. Straat* for appellant.

*Charles L. Moss* and *H. D. Wood* for respondents.

ROMBAUER, P. J.—This is an interplea in a garnishment proceeding, in which the trial court rendered a judgment in favor of the plaintiff as against the interpleader. The substantial error assigned by the interpleader on this appeal is that, under the uncontroverted facts, judgment should have been rendered in his favor, and that the court erred in refusing an instruction asked by him, that, upon the hypothetical facts stated therein, he was entitled to judgment against the garnishee.

The following facts were developed at the trial: There was evidence tending to show that one Schuchmann, the defendant in the execution on which the garnishment proceeding is had, executed a deed of trust, hereinafter called mortgage, on certain premises to secure the payment of sundry notes. The notes by successive assignments, came into the possession of the interpleader. The mortgage is not in the record, and we can not say what its exact contents were. Some time after the execution of this mortgage Schuchmann, for a stated consideration of one dollar, assigned and transferred to the mortgagee all the rents of the mort-

gaged premises as additional security for the payment of the notes secured by the mortgage. This assignment came into the hands of the interpleader also as further security for the notes. After default in payment of some of these notes, the interpleader called upon the agent (the garnishee herein) who collected these rents, and demanded that they be paid over to him. The garnishee declined to do so. The interpleader subsequently foreclosed the mortgage by sale. The amount in controversy consists of rents collected by the garnishee after this notice and demand and prior to the foreclosure sale.

As above seen, the mortgage is not in the record, but sufficient appears to show that it was a deed of trust in usual form with power of sale. The assignment of rents is in the record. It states that the execution of the prior mortgage was given to secure the payment of certain notes, enumerated in the assignment, and then continues, "I hereby transfer, assign and make over to said company (the mortgagee) any and all rents that shall accrue from the rent or lease of said building and premises, and all my rights and interests in the same, *as additional security for the payment of said notes,*" etc. (The italics are our own.)

The interpleader took the position in the trial court, and takes it here, that this instrument of assignment operated as an absolute assignment of the rents, and not as a mortgage of the rents merely, and that the words in the assignment, "as additional security for the payment of said notes," are in fact meaningless and should be rejected as surplusage. The instruction which he asked, and which the court refused, was based on that theory. This, we conceive, is a misconception of the purport of that instrument. No special words are requisite to create a mortgage. The fact, even if shown *aliunde*, that the property is transferred as mere

security and not absolutely, will often suffice to turn a conveyance, however absolute upon its face, into a mortgage. But where, as here, it appears upon the face of the instrument that the conveyance was intended as security for the payment of money only, it will be always construed as a mortgage. Tiedeman on Real Property, section 302, note 1 and cases cited. Being a mere security for the payment of money, the legal incidents to such securities attach. One of these is that, until the mortgagee takes possession, the mortgagor is entitled to the rents. *In re Life Association of America v. Rosenblatt*, 96 Mo. 632; *Simpson v. Keane*, 39 Mo. App. 635–643.

It results from the foregoing that, under the uncontroverted facts, the judgment in this case was for the right party and must be affirmed. So ordered. All concur.