ONE HUNDRED FORTY-EIGHT STREET REALTY CO., INC., a Domestic Corporation, Appellant, v. CAROLINE L. CONRAD and Another, Defendants, Impleaded with METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

Supreme Court, Appellate Term, Second Department, June 9, 1925.

**Mortgages — assignment of rents — mortgage, after giving mortgagee right to receiver of rents in event of default in payment, contained provision giving right of entry and assignment of rents to mortgagee upon default — lawful entry or demand for possession of premises is condition precedent to mortgagee's right to collect rents.**

A provision in a mortgage, following one giving the mortgagee a right to a receiver of rents and profits in the event of default of payment of principal and interest, reciting that in case of any default of payment of said principal and interest, said "rents and profits are hereby * * * pledged and assigned" to the mortgagee with full power and authority "to enter upon and to take possession of the mortgaged premises," together with a right to institute and carry on all legal proceedings, including the collection of rents, does not entitle said mortgagee to the rents of the premises until he has entered upon, or at least made a demand for the possession and has been refused said premises, since lawful entry or demand for possession is a condition precedent to the right to collect rents.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Sixth District, entered in favor of defendant Metropolitan Life Insurance Company after a trial before the court without a jury.

*Meyer D. Siegel,* for the appellant.

*Butcher, Tanner & Foster* [*Frederick C. Tanner* of counsel], for the respondent Metropolitan Life Insurance Company.

LAZANSKY, J.:

Plaintiff is the owner of certain premises upon which defendant insurance company holds a recorded mortgage executed and delivered by the predecessor in title of plaintiff. Defendant Conrad is a tenant of the premises. Defendant real estate company is agent of defendant insurance company. The mortgage contains the following clause:

"And the said party of the second part, its successors, legal representatives, or assigns, shall also be at liberty, immediately after any default in the payment of the principal sum hereby secured, or of any instalment thereof or of the interest thereon, or any tax, assessment, water rate or premium of fire insurance, or any part of either, or in case of failure to perform any of the acts, covenants and conditions in this mortgage set forth, upon a com-

plaint filed, or any proper legal action being commenced, for the foreclosure of this mortgage, to apply for, and the said party of the second part shall be entitled as a matter of right, without consideration of the value of the mortgaged premises as security for the amounts due the party hereto of the second part, or of the solvency of any person or persons bonded for the payment of such amounts, to the appointment by any competent Court or Tribunal, without notice to any party, of a Receiver of the rents, issues and profits of the said premises, with power to lease the said premises, or such part thereof as may not then be under lease, and with such other powers as may be deemed necessary, who, after deducting all proper charges and expenses attending the execution of the said trust as Receiver, shall apply the residue of the said rents and profits to the payment and satisfaction of the amount remaining secured hereby, or to any deficiency which may exist after applying the proceeds of the sale of the said premises to the payment of the amount due, including interest and the costs of the foreclosure and sale, and said rents and profits are hereby, in the event of any default or defaults in the payment of said principal or of any instalment thereof, or interest, or any tax, assessment, water rate, or insurance, pledged and assigned to the party of the second part, its successors or assigns, with full power and authority to the said party of the second part to enter upon and to take possession of the mortgaged premises and to institute and carry on all legal actions or proceedings necessary for the protection of the above described property, including such actions or proceedings as may be necessary to recover the possession of the whole or any part thereof, and to institute and prosecute all suits for the collection of rents now due and unpaid, and hereafter to become due, and to institute and prosecute summary proceedings for the removal of any and all tenant or tenants or other persons from said property and to pay the costs and expenses of all such suits, actions and proceedings out of the rent received, and to maintain said property and to keep the same in repair, and to pay the cost thereof and of the services of all employees, including their equipment, and of all gas, electricity, power, coal, awnings, and generally all of the running expenses and expenses of maintaining and keeping said property in repair and first-class condition, and in such condition as property of the style and kind of the real property above described is customarily kept and also all interest on this mortgage, and the bond to secure which said mortgage is given, and all taxes, assessments and water rates, which may hereafter become liens on said real property, and all premiums of fire insurance on policies of fire insurance effected by the said party of the second part as security

for the amount hereby secured, and also the principal sum of this mortgage and of the bond to secure which the same is given out of the rent received, and with power and authority to rent or lease the whole or any part of said property for such term or terms and on such conditions as to the said party of the second part may seem proper, and to employ an agent to rent and manage said property and to collect the said rents and profits thereof, and to pay the reasonable value of his services out of the rent received."

The owner having defaulted in the payment of interest and an installment of principal, due and payable December 1, 1923, the mortgagee, on December 15, 1923, served a notice upon the tenant, in part as follows:

"_Please take notice_, that the rents of the above premises, and each and every part of the same, have been assigned to the Metropolitan Life Insurance Company by an assignment contained in a certain mortgage dated the 27th day of June, 1922, made and executed by Portwood Realty Co., Inc., to the Metropolitan Life Insurance Company, which mortgage was duly recorded in the office of the Register of the County of Kings on the 30th day of June, 1922, in Liber 5171 of Mortgages at page 184, which said mortgage is now in the possession of Messrs. Butcher, Tanner and Foster, No. 1 Madison Avenue, in the Borough of Manhattan in the City of New York, who are the agents and attorneys for the said Metropolitan Life Insurance Company and which assignment of rents became operative on the first day of December, 1923, and affects all of the rents of the said premises, and each and every part of the same, now due and unpaid or which may hereafter become due.

"_You are hereby notified_ to pay all of the rents of said premises, or any part or portion of the same to Chauncey Real Estate Company at its office No. 187 Montague Street, in the Borough of Brooklyn, City of New York as the agent of the Metropolitan Life Insurance Company for collecting the said rents.

"_You are hereby directed_ not to pay the said rents, or any part thereof, to any other person or persons or parties whomsoever, except on the written order of said Butcher, Tanner and Foster.

" Dated, NEW YORK, _December_ 13, 1923.
    " METROPOLITAN LIFE INSURANCE COMPANY
        " By BUTCHER TANNER & FOSTER
                    "_As its Agents and Attorneys._"

On the same day a similar notice was served upon plaintiff. There is neither proof nor claim that the mortgagee ever made a demand of the owner for possession or entered into possession of

the premises.   Plaintiff and the insurance company claim the rent due January 1, 1924.   The tenant has deposited that rent in court. The question here is whether the plaintiff or the insurance company is entitled to the rent.   Judgment below was rendered for the insurance company and from that judgment this appeal is taken.

The receivership clause and the clause giving the right of entry with the assignment and pledge of rents are separate and independent.   (*Sullivan* v. *Rosson,* 166 App. Div. 68, 73.)   Prior to 1830, in addition to the remedy by foreclosure, the mortgagee, upon breach of condition subsequent, could maintain ejectment to recover possession.   (*Kortright* v. *Cady,* 21 N. Y. 343, 364; *Trimm* v. *Marsh,* 54 id. 599, 604; *Barson* v. *Mulligan,* 191 id. 306, 313.) It is provided by the Revised Statutes (2 R. S. 312, § 57): " No action of ejectment shall hereafter be maintained by a mortgagee, or his assigns or representatives, for the recovery of the possession of the mortgaged premises."   This provision, in changed form, has been continued in force.   (Code Civ. Proc. § 1498; Civ. Prac. Act, § 991.) The theory upon which this change in the law was brought about was that a mortgagee is merely a lienor and has no legal estate in the land covered by his mortgage.   (*Barson* v. *Mulligan,* 191 N. Y. 306, 315.)   Thus, prior to judgment in a foreclosure action the only remedy of the mortgagee for possession, and through it, for the rents, is by the appointment of a receiver in such an action, unless, however, consent to take possession was given by the mortgagor.   With the mortgagor's consent, such an entry and possession prior to foreclosure is lawful.   (*Barson* v. *Mulligan,* 191 N. Y. 306, 321; *Becker* v. *McCrea,* 193 id. 423.)   The purpose of the entry clause in mortgages is probably to overcome the effect of the provision of the Revised Statutes above mentioned.   Of course, possession by the mortgagee does not affect the title, and the mortgagee in possession must account for rents collected.   Assignments of rents which give the mortgagee control of premises are not looked upon with favor.   The Court of Appeals, in *Sullivan* v. *Rosson* (223 N. Y. 217), quotes with approval from *Matter of Banner* (149 Fed. 936), as follows: " ' That a mortgagee out of possession can, upon the instant of a default in mortgage interest, become to all intents a landlord of the mortgaged building, seems to me something not to be encouraged.' "   Where rents are assigned as further security for the mortgage debt and the mortgagee is given the right to enter and collect the rents, lawful entry or demand for possession is a condition precedent to a right to the rents.   (*Freedman's Saving & Trust Co.* v. *Shepherd,* 127 U. S. 494; *Matter of Israelson,* 230 Fed.

1000; *Abrahams* v. *Berkowitz*, 70 Misc. 319; affd., 146 App. Div. 563; *Matter of Brose*, 254 Fed. 664.)

In the *Freedman's Saving & Trust Co. Case* (*supra*), although not entirely necessary to the decision, the United States Supreme Court say (at p. 502): "It is, of course, competent for the parties to provide, in the mortgage, for the payment of rents and profits to the mortgagee, while the mortgagor remains in possession. But when the mortgage contains no such provision, and even where the income is expressly pledged as security for the mortgage debt, with the right in the mortgagee to take possession upon the failure of the mortgagor to perform the conditions of the mortgage, the general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged premises until he takes actual possession, or until possession is taken, in his behalf, by a receiver, *Teal* v. *Walker*, 111 U. S. 242; *Grant* v. *Phœnix Life Ins. Co.*, 121 U. S. 105, 117; or until, in proper form, he demands and is refused possession. *Dow* v. *Memphis Railroad Co.*, 124 U. S. 652, 654. See also *Sage* v. *Memphis and Little Rock Railroad Co.*, 125 U. S. 361."

In *Matter of Israelson* (*supra*) the clause in the mortgage provided that, in the event of default, the mortgagees should have the right to take possession of the premises and receive the rents and profits therefrom and in the event of any such default such rents and profits were assigned to the mortgagees as *further security* for the payment of the indebtedness. It was held that the mortgagees were only authorized to collect rents after taking possession of the property.

In *Abrahams* v. *Berkowitz* (*supra*) the mortgage contained a clause giving the mortgagee, upon default, the right to enter and take possession of the premises and to let them and to receive the rents, issues and profits and apply the same, after payment of all necessary charges and expenses, on account of the amount secured by the mortgage and such rents and profits were, in the event of such default, assigned to the mortgagee. It does not appear that the rents were assigned *as security*. The mortgagee never entered into possession of the premises. A first mortgagee claimed the right to certain rents which had been collected by a receiver appointed in an action to foreclose a second mortgage. The following was stated by SCUDDER, J.: "It is very doubtful, however, if the provision in the first mortgage above quoted can properly be construed as assigning the rents on default to the first mortgagee without entry." Construing this clause on appeal (146 App. Div.), the Appellate Division, Second Department (at p. 566) say: "The appellant claims a specific assignment of the rents and profits in question by virtue of this clause, but it is obvious from the language

Misc. 142]     Appellate Term, Second Department, June, 1925.

used that the assignment relates only to the rents after the entry and the taking possession of the mortgaged premises."

In *Sullivan* v. *Rosson* (223 N. Y. 217) the court had under consideration a clause of a third mortgage which provided: " ' The holder of this mortgage, in any action to foreclose it, shall be entitled, without notice and without regard to the adequacy of any security for the debt, to the appointment of a receiver of the rents and profits of said premises; and said rents and profits are hereby, in the event of any default or defaults in paying said principal or interest, assigned to the holder of this mortgage as further security for the payment of said indebtedness.' "     The court, after first holding that the assignment was not an absolute transfer but a pledge as security for the debt, say (at p. 224): "A senior mortgagee desiring to obtain such rents to apply upon his mortgage should actually possess himself of them or of the right to them through some mutual arrangement therefor, or he should make application to the court to have the receivership extended for his benefit."     The court (at p. 225) cite from the *Freedman's Saving & Trust Co. Case* (*supra*) as follows:  " ' Even if the deed had expressly pledged the income as security for the debts named, the mortgagor, according to the doctrines of the cases cited, (in the opinion) would have been entitled to the income, until, at least possession was demanded under the deed.' "     The court cite *Armour Packing Co.* v. *Wolff & Co.* (59 Mo. App. 665), where the rents were assigned as *security,* and it was held the rents belong to the owner until the mortgagee takes possession.     The court refer to the *Banner Case* (149 Fed. 936), where the mortgage provided, " 'And the said rents and profits are hereby, in the event of any default or defaults in the payment of said principal or interest, assigned to the holder of this mortgage.' "     It will be noticed that the assignment is not stated to be as security.     The court speak of this clause as follows: " It was there held that ' The form of words used in this mortgage operated merely as a pledge of the rents, to which the pledgee does not become entitled until he asserts his right and in some legal form endeavors to reduce the pledge to possession.' "     If this statement from the *Banner* case is the rule, then, even where the assignment of rents is for security, but without the right of entry, steps must be taken by the mortgagee after default to reduce his pledge to possession before he has any right to the rents.     Here, the insurance company has made a demand, and, in effect, brought an action.     However, the clause under consideration provides for the taking of possession in connection with the assignment and pledge of the rents.     An examination of this language shows that the basis of it is entry by the mortgagee.     Its purport was to put the mortgagee in possession and really make

him the landlord. We do not think that any part of it can be separated from the rest of the text and be deemed an independent proposition. The mortgagee, among other things, is given authority to sue for the rents. It will be assumed that was done in this action. But we hold that the authority to sue is dependent upon and cannot be dissociated from the right of entry. Therefore, the mortgagee is not entitled to the rents until he has entered, or at least, made a demand of the owner for possession and the same has been refused. In some of the cases cited the question arose as between mortgagees, between whom equities might exist which would not be present as between owner and mortgagee, but the rules quoted above so plainly state the rights of the mortgagee to rents that they are applicable here. We do not hold that there may not be an unqualified assignment of rents immediately effective upon default nor that an assignment of rents as security may not take effect without entry or demand for possession. The conclusion reached in this case is based upon the proposition that under the clause quoted, entry and assignment are so inextricably interwoven that the latter does not become effective until the former has been exercised, or, at least, possession of the premises demanded of the owner.

Judgment unanimously reversed on the law, with thirty dollars costs to the appellant against the respondent insurance company, and judgment directed for the plaintiff against the defendant insurance company, with appropriate costs in the court below.

CROPSEY and MACCRATE, JJ., concur.