MORRIS KATZ, Respondent, *v.* LOUIS GOODMAN, Appellant.

Supreme Court, Appellate Term, Second Department, June 28, 1929.

*Butcher, Tanner & Foster*, for the appellant.

*Irving B. Feinberg*, for the respondent.

PER CURIAM. Final order and judgment unanimously reversed, upon the law, and new trial granted, with thirty dollars costs to appellant to abide the event.

The agreed statement of facts does not set forth what was the amount of the rent; neither does it set forth that fifty dollars paid by the tenant was the full amount due. The petitioner claimed that fifty-five dollars was the rent. The agreed statement of facts, on which the court below decided, omitted all reference to the claim of the landlord. The justice below, therefore, had nothing on which to predicate a finding that the landlord was entitled to the sum of

fifty-five dollars. If the landlord was entitled to fifty-five dollars and the tenant paid, under any alleged assignment to the assignee, only fifty dollars, then the landlord would be entitled to a final order. The provision in the mortgage, which is set forth in full in *148th Street Realty Co.* v. *Conrad* (125 Misc. 142) did not destroy the relationship of landlord and tenant existing between the mortgagor and his tenants; and even though a tenant did, as we think he might, pay the full rent to the mortgagee after the mortgagee had demanded possession and been refused such possession by the mortgagor, nevertheless, the payment would have to be made according to the terms of the letting.

As between the mortgagor and the mortgagee, we are of the opinion that an equitable assignment of the rents arose by virtue of the demand of the mortgagee for possession. (*Dow* v. *Memphis & Little Rock R. R. Co.*, 124 U. S. 652; *Field* v. *Mayor*, etc., of *New York*, 6 N. Y. 179; *148th Street Realty Co.* v. *Conrad, supra.*) By the provisions of the mortgage, the rents were assigned and pledged to the mortgagee after default and the right of entry to collect and apply the rents was given. The mortgagor in equity could not assert his own violation of his agreement to prevent its enforcement. (*Dow* v. *Memphis & Little Rock R. Co., supra.*) We are not now concerned with situations where creditors, subsequent mortgagees, or others claiming through the mortgagor, are involved, as was the fact in *Sullivan* v. *Rosson* (223 N. Y. 217), or in *Benedict* v. *Ratner* (268 U. S. 353); *New York Security & Trust Co.* v. *Saratoga Gas & Electric Light Co.* (159 N. Y. 137, at pp. 144, 145) and other cases.

All concur; present, CROPSEY, MACCRATE and LEWIS, JJ.