In the Matter of the Estate of GLADYS C. NOONAN, Deceased. GERALDINE A. NOONAN, as Administratrix of the Estate of GLADYS C. NOONAN, Deceased, Petitioner; BAY RIDGE SAVINGS BANK, Respondent.

Surrogate's Court, Kings County, May 9, 1944.

*Robert L. Callahan* for respondent.

*David A. Goldstein* for petitioner.

McGAREY, S. This proceeding was instituted pursuant to section 205 of the Surrogate's Court Act for the recovery of the sum of $360 constituting rents collected by the respondent during the months of January to June, 1943, inclusive, from certain premises of which decedent died seized.

Decedent died on April 11, 1942, survived by seven children as her sole distributees, of whom the oldest, this petitioner, was then about twenty-two years of age. Letters of administration were granted to the petitioner on April 22, 1942. Decedent died seized of premises upon which the respondent was the owner of a bond and mortgage, executed by a predecessor in title to this decedent, in 1931, and which by its terms became due in 1934.

In April of 1942 an installment of taxes in the amount of $139 became due. For some time thereafter the premises were vacant. Petitioner assumed the management of the property and leased the premises for occupancy commencing in September of 1942. During the months of October and November, 1942, petitioner paid to the respondent the total amount of $140 which the respondent claims to have applied in payment of the April taxes. No money was paid in December, 1942, although in the meanwhile the October installment of taxes and certain principal and interest items upon the bond had accrued. Thereafter on January 8, 1943, the respondent sent to the petitioner and the tenant in possession of the premises a written notice, which after reciting the default in payment of taxes and principal and interest and certain provisions of the mortgage gave notice that the respondent " hereby enters upon and takes possession of the above numbered premises * * * and directs you to pay all rents, * * * to the undersigned."

Respondent thereafter collected the rents sought to be recovered, although on April 28, 1942, after prior request to refrain therefrom, petitioner instituted a proceeding to restrain respondent from interfering with her right to manage the premises. This application was granted by a decision of this court (N. Y. L. J., June 23, 1943, p. 2453, col. 5) which was thereafter embodied in an order.

Respondent by its amended answer admits the collection of the rents. By way of affirmative defense it asserts that it disbursed the sum of $360.52 during the period in issue in payment of various operating charges against the property. It further sets forth the customary receivership clause and assignment of rents in the event of default in payment of principal or interest clause which are contained in the mortgage, and also alleges a voluntary agreement of the petitioner to pay over to respondent the rents of the premises.

The issue thereby formulated was directed to be tried before a Justice of the Supreme Court and a jury. During the course of the trial the respondent withdrew its claim to the rents

under an agreement, whereupon the Trial Judge withdrew a juror and declared a mistrial, since under the issue of fact as framed nothing remained for consideration by the jury.

Respondent has now moved for summary judgment. Its contention is that since it has expended a sum of money for payment of taxes and water charges alone, which is in excess of the amount of rents admittedly collected, the petitioner is in no event entitled to a decree for the payment of any sum herein.

The entry into possession of the premises and collection of the rents therefrom by the respondent under its mortgage was illegal. The provisions of the mortgage relied upon by respondent are substantially identical in text with those before the court in *Dime Savings Bank of Brooklyn* v. *Altman* (249 App. Div. 174, 176). In the cited case it was said: " Under an assignment of rents clause, such as the one in the case at bar, the assignment is not absolute, but is only further security for the mortgage obligation. It is sometimes called a pledge. Even upon default, the right to the rents does not accrue to the mortgagee. Under such clause a mortgagee may have the rents by possessing himself of them or the right to them with the consent of the owner, or by application to the court in legal proceedings through the appointment of a receiver (*Sullivan* v. *Rosson, supra*). This is so not only as between mortgagees (*Sullivan* v. *Rosson, supra*) but also as between owner and mortgagee. (*Freedman's Saving Co.* v. *Shepherd*, 127 U. S. 494; *Matter of Banner*, 149 F. 936; *Matter of Brose*, 254 id. 664; *148th Street Realty Co., Inc.*, v. *Conrad*, 125 Misc. 142.)

" Where the assignment of rents clause gives the mortgagee a right of entry upon default, then, upon demand and refusal, the assignment of rents may become absolute. (*Freedman's Savings Co.* v. *Shepherd, supra; Matter of Brose, supra; 148th Street Realty Co., Inc.,* v. *Conrad, supra*)."

In neither instance did the mortgage grant to the mortgagee a right of entry upon default. Nor may the respondent here rest upon the consent of the owners of the property. The children of the decedent to whom the property descended upon the death of the decedent are not parties to this proceeding and, furthermore, hardly capable of consenting, in view of the infancy of the majority of them. It is, moreover, questionable whether the asserted agreement of the administratrix to entry into possession by the mortgagee could bind the owners of the property, and since the claim of such agreement has been withdrawn by the respondent, the court need not consider its effect even if established.

The respondent maintains that the Court of Appeals in its affirmance of the cited case (*Dime Savings Bank* v. *Altman,* 275 N. Y. 62) left open the question of what procedure a mortgagee should follow to obtain the rents of the mortgaged premises when he did not desire a receivership. (See, also, *Chase National Bank* v. *Guardian Realties Inc.,* 283 N. Y. 350; *Matter of Selonke,* N. Y. L. J., March 2, 1944, p. 829, col. 6.) It is true that the Court of Appeals was not required to specifically pass upon the question of whether collection of the rents under the circumstances there presented was unlawful, since it had been so established as the law of the case, but the Appellate Division did enunciate rules of law applicable to the facts before the court. (See, also, *In re Bullock's Estate,* 34 N. Y. S. 2d 324; *Matter of Wickings,* 162 Misc. 357; *Matter of Kidd,* 161 Misc. 631.) Under the principles of *stare decisis* those rules of law must be held to have controlling effect upon the issues before this court (*Matter of Herle,* 165 Misc. 46, and cases cited). Thus under the quoted language the mortgagee could have obtained the rents with the consent of the owner or through the appointment of a receiver. Since under the facts of this case the respondent had neither the consent of the owners nor obtained the appointment of a receiver, its entry into possession was clearly wrongful and its collection of the rents unlawful.

The court is then presented with the problem of whether the respondent is entitled to offset the payments made by it for taxes and water charges against the amount of the rents sought to be recovered. In *Dime Savings Bank* v. *Altman* (275 N. Y. 62, 70) the court stated the rule of damages to be: "It would seem that respondent would be entitled to recover the net rents collected, i. e., the gross rents less the necessary costs of taxes and maintenance, if any, paid by appellant." The measure of damages was applied, however, as between the owner and the mortgagee. Here the owners of the property are not before the court. Although the petitioner upon her assumption of the management of the realty in her capacity of administratrix then became vested with a right to the rentals of such real property superior to that of the legal owners thereof (*Limberg* v. *Limberg,* 256 App. Div. 721, affd. 281 N. Y. 821; *Matter of Burstein,* 153 Misc. 515), she nevertheless remained a trustee for the creditors of the estate primarily. Such rents as she may have collected or have been entitled to would become subject to the payment of funeral and administration expenses and debts. Only the net avails, after payment of these charges and the

operating expenses of the realty, would be distributable to the legal owners of the realty. Since even the real property itself may be subjected to the payment of debts and obligations of the deceased through the medium of a proceeding under article 13 of the Surrogate's Court Act, it is clear that the income therefrom may be applied by the administrator to the satisfaction of the decedent's obligations. By reason of the nature of this proceeding no demonstration has been made, nor is required to be made, of the solvency or insolvency of this estate. It is entirely conceivable therefore that if the rule of damages laid down by the Court of Appeals in *Dime Savings Bank* v. *Altman (supra)* is applied in this instance, it may result in the respondent's thereby acquiring a preference in payment as against creditors of the decedent or claimants for administration and funeral expenses. It must further be borne in mind that the charges against which respondent has applied the rents admittedly collected were individual obligations of the legal owners of the real property under the provisions of section 250 of the Real Property Law, and not a proper claim against this estate. While the administratrix in undertaking the management of the realty subjected herself to liability to the persons holding claims against the estate for administration and funeral expenses or debts and to the statutory distributees, for its proper care and conservation, no duty arose to apply the rents in payment of mortgage principal or interest or taxes as respects the mortgagee. Since the administratrix owed no duty to the respondent to apply the rents exclusively to the charges accruing against the real property, the court holds that respondent may not offset the payments made by it against the rents admittedly collected.

In *City Savings Bank of Brooklyn* v. *Torro* (253 App. Div. 748, 749) language appears in the memorandum opinion which upon its face might seem to be in conflict with the result here reached. The court said: " Consent of the administration to the entry upon the mortgaged property and to the assignment of rents was sufficient and binding on all of the decedent's heirs at law and next of kin. (Dec. Est. Law, § 123.) " Examination of the record on appeal discloses the following facts. Teresa Torro died in 1929, survived by a husband, to whom letters of administration were thereafter awarded, and three infant children. She died seized of certain premises upon which the plaintiff held a mortgage. In 1937 plaintiff sought foreclosure of the mortgage. The administrator by his answer asserted a counterclaim predicated upon the alleged wrongful entry into possession of the premises by the plaintiff and collection of rents therefrom.

Plaintiff moved for summary judgment striking out the counter-claim. The moving papers recited that during the period January 1, 1934, to February 1, 1937, plaintiff had collected certain rents from the premises with and pursuant to an arrangement with the administrator. Prior to that time default in compliance with the terms of the mortgage had occurred; a notice similar to the one herein adverted to, sent to the tenants, owners and administrator; and the subsequent collection of the rents pursuant to the *right of entry granted in the mortgage.* The motion was denied at Special Term on the ground an issue of fact was presented as to the acquiescence of the administrator. The Appellate Division in reversing the order and granting the motion held that the affidavits of the attorney for the administrator and of the guardian ad litem, neither of whom had personal knowledge of the facts, constituted insufficient proof of the alleged defenses and counterclaim. The statement hereinabove quoted is clearly dicta. By the express language of section 123 of the Decedent Estate Law, limiting it to the estate " of a decedent who dies after the thirty-first day of August, nineteen hundred and thirty," this administrator had no authority whatsoever over the real property of his decedent. All that he possessed in respect to the real property was an estate in curtesy, by virtue of being the surviving husband, which entitled him to the net income of the property for life. Since the interest of the three children in the fee was subject to the life estate of their father, the court undoubtedly construed the latter's acquiescence to collection of the rents by the mortgagee as binding upon the owners of the fee, since he alone was entitled to the net income of the property. In the light of the facts before the Appellate Division, this court is constrained to hold that the quoted statement does not constitute a rule of law applicable to the facts herein.

The court accordingly denies respondent's motion for summary judgment. Since under rule 113 of Rules of Civil Practice, the court is empowered, " If upon such motion made on behalf of a defendant it shall appear that the plaintiff is entitled to judgment " to " award judgment to the plaintiff, even though the plaintiff has not made a cross-motion therefor " the court grants the relief herein sought, and directs the respondent to pay to the petitioner the sum of $360 with interest, and costs to be taxed.

**Submit decree on notice in accordance herewith.**